UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JOHN ROBERT DEMOS, JR.,

              Plaintiff,

   v.

ROBERT JACKSON,

              Defendant.

CASE NO. 2:26-CV-699-RSL-DWC

REPORT AND RECOMMENDATION

Noting Date: March 30, 2026

Plaintiff John Demos, Jr., a state prisoner, has filed a proposed civil rights complaint. Dkt. 1. As discussed below, the Court finds the proposed complaint should be dismissed.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). Bar orders of this Court provide that Plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar

REPORT AND RECOMMENDATION - 1

Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. First, Plaintiff has not submitted an application to proceed IFP or paid the filing fee. Second, Plaintiff has not included an affidavit that the claims in this case have not been presented in any other action in any court and that Plaintiff can produce evidence to support his claims. *See* Dkt. 1.

Third, in the proposed complaint, Plaintiff seeks to bring criminal charges against four state employees because his cell was searched and documents related to Nancy Guthrie's kidnapping and an assassination attempt on President Trump were seized. Dkt. 1. Plaintiff does not provide allegations against the named defendants. Importantly, Plaintiff lacks standing to compel the prosecution of another person. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Therefore, Plaintiff's claims and request for relief are implausible and, if seeking leave to proceed IFP, Plaintiff has not sufficient to show he faces imminent harm.

Accordingly, the undersigned recommends Plaintiff's proposed complaint (Dkt. 1) be dismissed and this case be closed.

REPORT AND RECOMMENDATION - 2

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 30, 2026**.

Dated this 9th day of March, 2026.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3